# EXHIBIT C

Exhibit C



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK



COPY OF PLEADING PROVIDED BY PLTD.

## Civil Process Pick-Up Form

**CAUSE NUMBER:** ___ 201970569 ___

**ATY** _____     **CIV** _X_     **COURT** _165th_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY:** __ WILSON, CHAD ___   **\* PH:** __ (832) 415-1432 __ |
| **\*CIVIL PROCESS SERVER:** Sean # @ LDM |
| **\*PH:** (7)269-0403 |
| **\*PERSON NOTIFIED SVC READY:** _____ |
| **\* NOTIFIED BY:** _____ |
| **\*DATE:** _____ |

| Type of Service Document: | __Citation | Tracking Number | _ 73678474 __ |
|---|---|---|---|
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |

**Process papers prepared by:** _Carolina Salgado__

**Date:** _09 / 30 / 2019_     **30 days waiting** _10_/_29_/2019_

| |
|---|
| **\*Process papers released to:** _William Davis_ |
| (PRINT NAME) |
| _713 280 6980_  _MDR PSC-17109 Ex 2/31/21_ |
| **\*(CONTACT NUMBER)**        (SIGNATURE) |
| **Kevin Childs** |
| **\*Process papers released by:** _Kevin Childs_ |
| (PRINT NAME) |
| _____ |
| (SIGNATURE) |
| **\* Date:** _10-2_ , 2019  Time: _2:30_ AM **PM** |

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

**Entire document must be completed**   **(do not change this document)**  Revised 1/3/2019

10/10/2019 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37559623
By: Bristalyn Daniels
Filed: 10/10/2019 3:08 PM

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.  201970569

RECEIPT NO.                    0.00      CIV
             **********         TR # 73678474

PLAINTIFF: WAINWRIGHT, MONTE
                vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The    165th
Judicial District Court
of Harris County, Texas
165TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING
    ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900    DALLAS  TX  75201 - 3136
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 27th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 30th day of September, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: SALGADO, CAROLINA  G17//11340636

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 3:00 o'clock P .M. on the 7th day of OCTOBER , 2019.
Executed at (address) 1999 BRYAN ST STE 900, DALLAS TX 75201 in
DALLAS County at 3:35 o'clock P .M., on the 7th day of OCTOBER
2019, by delivering to ALLSTATE Veh & PROP by SERVING ITS REGIST defendant, in person, a
AGENT CT CORPORATION
true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 17th day of OCTOBER , 2019.

FEE: $ 75

PSC 16596   EXP 4-30-21

_____ of _____ County, Texas

_____
Affiant

By _____
Deputy

On this day, Genek Rodgers _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 8th day of October , 2019.

_____
Notary Public

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948

*73678474*

N.INT.CITRP

10/22/2019 12:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37854283
By: Lisa Thomas
Filed: 10/22/2019 12:21 PM

CAUSE NO. 201970569

| | |
|---|---|
| MONTE AND LISA WAINWRIGHT, | IN THE DISTRICT COURT |
| Plaintiffs, | |
| V. | 165TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | HARRIS COUNTY, TEXAS |
| Defendant. | |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### SPECIFIC DENIALS

Plaintiffs' claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Wainwright, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0545441438.1

Page 1 of 4

Plaintiffs failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiffs' claims are barred, in whole or in part, because the losses alleged by Plaintiffs were proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiffs.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure Defendant requests that Plaintiffs disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.

## <u>DESIGNATED E-SERVICE EMAIL ADDRESS</u>

The following is the undersigned attorney's designation of electronic service email address

Wainwright, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0545441438.1

Page **2** of **4**

for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs recover nothing of and from Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN: 24092148

811 Louisiana St Ste 2400
Houston, TX 77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Wainwright, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0545441438.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 22nd day of October, 2019, to:

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS          *VIA E-SERVE*

**KIMBERLY BLUM**

Wainwright, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0545441438.1

Page **4** of **4**

Marilyn Burgess - District Clerk Harris County
Envelope No. 37178487
By: Carolina Salgado
Filed: 9/27/2019 8:15 AM

CAUSE NO. _____

| | | |
|---|---|---|
| MONTE AND LISA WAINWRIGHT, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

---

### PLAINTIFFS ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Monte and Lisa Wainwright, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.      Plaintiffs, Monte and Lisa Wainwright, reside in Harris County, Texas.

3.      Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois insurance company, engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate, through its registered agent for service: **c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136**.

Plaintiffs request service at this time.

## JURISDICTION

4.   The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5.   Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.   Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.   Plaintiffs own an Allstate Vehicle and Property Insurance Company insurance policy, number 829685722 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at **15402 Hillside Terrace Lane Cypress, Texas 77429** ("the Property").

8.   Allstate Vehicle and Property Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs.  Allstate Vehicle and Property Insurance Company represented to Plaintiff that the Policy included hail and windstorm. On or about August 9, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Cypress/Harris County, Texas area.

9.   In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property.  Allstate assigned claim number 0545441438 to

Plaintiffs claim.

10.     Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

11.     Allstate hired or assigned its agent, Wall, to inspect and adjust the claim.  Wall conducted an inspection on or about June 1, 2019, according to the information contained in his estimate.  Wall's findings generated an estimate of damages totaling $1,182.05. After application of depreciation and Plaintiffs $10,181.00 policy deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

12.     Allstate, through its agent, Wall, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13.     Allstate and Wall have ultimately refused full coverage which includes, but is not limited to, replacement of the roof, personal property, and additional exterior damage. Specifically, Wall found damage to only a few shingles on Plaintiffs' roof. The third-party inspector hired to review the damage to the Property found damage to not only the roof, but to the vents, flashings and windows.

14.     The damage to Plaintiffs Property is currently estimated at $28,163.87.

15.     Wall had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Wall.

16.    Furthermore, Wall was aware of Plaintiffs $10,181.00 deductible prior to inspecting the Property.  Wall had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

17.    Wall misrepresented the actual amount of damage Plaintiffs Property sustained in addition to how much it would cost to repair the damage. Wall made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18.    After reviewing Plaintiffs Policy, Wall misrepresented that the damage was caused by non-covered perils. Wall used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs Property would not be covered under the policy.

19.    As stated above, Allstate and Wall improperly and unreasonably adjusted Plaintiffs claim. Without limitation, Allstate and Wall misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs Property, as well as the amount of insurance coverage for Plaintiffs claim or loss under the Policy.

20.    Allstate and Wall made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Allstate and Wall made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Wall.

21.    Plaintiffs relied on Allstate and Wall's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs Property.  Plaintiffs' damages are the result of Plaintiffs reliance on these

4

misrepresentations.

22. Upon receipt of the inspection and estimate reports from Wall, Allstate failed to assess the claim thoroughly. Based upon Wall's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23. Because Allstate and Wall failed to provide coverage for Plaintiffs insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs Property.

24. Furthermore, Allstate and Wall failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Wall performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

25. Allstate and Wall's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

26. Allstate and Wall's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Wall have failed to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Wall have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements,

5

with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

27. Allstate and Wall's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Allstate and Wall failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

28. Additionally, after Allstate received statutory demand on or about July 226, 2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs claim properly.

29. Allstate and Wall's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Wall performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiffs under the Policy.

30. Specifically, Allstate and Wall performed an outcome-oriented investigation of Plaintiffs claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to Wall subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated time after receiving all necessary information.

32. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.056.   Due to Wall's intentional undervaluation of

Plaintiffs claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Wall's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiffs claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiffs claim.

33.   Allstate and Wall's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

34.   All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

35.   Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

36.   Allstate's failure and refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

7

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

37.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

38.     Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

39.     Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

40.     Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

41.     Allstate's unfair settlement practice of refusing to pay Plaintiffs full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

42.    Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

43.    Allstate's delay in paying Plaintiffs claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

44.    Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.    Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

46.    Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are a consumer of goods and services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bring this cause of action against Allstate.  Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations

include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.  Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.  Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.    Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

47.    Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

48.    Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

49.    Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

50.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

51.    Plaintiffs currently estimate that actual damages to the Property under the Policy are $28,163.87.

52.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.   The above described acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs Property and any investigative and engineering fees incurred.

53.    For breach of contract, Plaintiffs are entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

54.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.   For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

57.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct, and to set an example to deter Defendant and others from committing similar acts in the future.

58.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61.   Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Allstate Vehicle and Property Insurance Company, be cited and served to appear, and that upon trial hereof, Monte and Lisa Wainwright, recover from Defendant, Allstate Vehicle and Property Insurance Company such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

14

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

9/27/2019 8:15:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37178487
By: SALGADO, CAROLINA
Filed: 9/27/2019 8:15:35 AM

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **WAINWRIGHT, MONTE & LISA V ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Chad T. Wilson | Email:<br>cwilson@cwilsonlaw.com | Plaintiff(s)/Petitioner(s):<br>Monte Wainwright<br>Lisa Wainwright | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>455 E Medical Center Blvd., Ste 555 | Telephone:<br>832-415-1432 | Defendant(s)/Respondent(s):<br>Allstate Vehicle and Property<br>Insurance Company | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Webster, TX 77598 | Fax:<br>281-940-2137 | *[Attach additional page as necessary to list all parties]* | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>24079587 | | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability:<br>_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: _____ | **Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: _____ |

| Employment | Other Civil | |
|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

9/27/2019 8:15:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37178487
By: SALGADO, CAROLINA
Filed: 9/27/2019 8:15:35 AM

# CIVIL PROCESS REQUEST FORM

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY TO BE SERVED
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition, Jury Demand, and Request for Disclosure _____

**FILE DATE OF MOTION:** _____ September _____ 27 _____ 2019 _____
                                                        Month/       Day/         Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: Allstate Vehicle and Property Insurance Company

    ADDRESS: 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136
    AGENT, (if applicable): Attn: CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):
  **SERVICE BY** (check one):
  - [ ] **ATTORNEY PICK-UP**               [ ] **CONSTABLE**
  - [x] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Sean Hollenbeck @ LDM___   Phone: 713-269-0403
                                                                    sean@ldmprocess.com
  - [ ] **MAIL**                           [ ] **CERTIFIED MAIL**
  - [ ] **PUBLICATION:**
        Type of Publication:   [ ] **COURTHOUSE DOOR, or**
                               [ ] **NEWSPAPER OF YOUR CHOICE:** _____
  - [ ] **OTHER**, explain _____

### ATTENTION:  Effective June 1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2.  NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

  **SERVICE BY** (check one):
  - [ ] **ATTORNEY PICK-UP**               [ ] **CONSTABLE**
  - [ ] **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: _____   Phone: _____
  - [ ] **MAIL**                           [ ] **CERTIFIED MAIL**
  - [ ] **PUBLICATION:**
        Type of Publication:   [ ] **COURTHOUSE DOOR, or**
                               [ ] **NEWSPAPER OF YOUR CHOICE:** _____
  - [ ] **OTHER**, explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _____   TEXAS BAR NO./ID NO. _____

MAILING ADDRESS: _____

PHONE NUMBER: _____                 FAX NUMBER: _____
                            area code        phone number                              area code       fax number

EMAIL ADDRESS: _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                                      Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

XX____    ORIGINAL PETITION, JURY DEMAND, REQUEST FOR DISCLOSURE
_____    AMENDED PETITION
_____    SUPPLEMENTAL PETITION

COUNTERCLAIM
_____    AMENDED COUNTERCLAIM
_____    SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____    AMENDED CROSS-ACTION
_____    SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____    AMENDED THIRD-PARTY PETITION
_____    SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____    AMENDED INTERVENTION
_____    SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____    AMENDED INTERPLEADER
_____    SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO:  _____
                        (specify)

    MOTION TO:  _____
                          (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Marilyn Burgess District

9/27/2019 8:15:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37178487
By: SALGADO, CAROLINA
Filed: 9/27/2019 8:15:35 AM

**CHAD T. WILSON**
------- L A W   F I R M , PLLC -------

## PETITION LETTER TO CLERK

September 27, 2019

Harris County District Clerk
Marilyn Burgess
201 Caroline Street
Houston, Texas 77002

RE:  Cause No. _____; *Wainwright, Monte & Lisa v Allstate Vehicle and Property Insurance Company*; In the _____ District Court of Harris County, Texas.

Dear Ms. Burgess:

Please prepare two (2) civil process citations for the following Defendant to have picked up and served by a representative at LDM process servers.

Allstate Vehicle and Property Insurance Company
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas Texas 75201-3136.

We will provide file-stamped copies of the petition to the process server to attach to the citations.  Please contact Sean Hollenbeck at (469) 291-5005, or by e-mail at sean@ldmprocess.com and place citations in his District Box 85.  If any additional information is needed, feel free to contact this office.  Thank you for your cooperation and assistance.

Sincerely yours,

Tara L. Peveto
Texas Bar No. 24076621
tpeveto@cwilsonlaw.com

Houston:
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432    Fax: 281-940-2137

Denver:
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999